JAP:HLJ

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

M 12- 289

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

XAVIER ALEXANDER BERNARD,

        Defendant. *federal defenders' appointed*

- - - - - - - - - - - - - - - - -X

PRE-ARRAIGNMENT
C O M P L A I N T
(21 U.S.C. §§ 952(a)
and 960)

EASTERN DISTRICT OF NEW YORK, SS:

      CARLOS SOTO, being duly sworn, deposes and states that he is a Special Agent of the Department of Homeland Security, Homeland Security Investigations, duly appointed according to law and acting as such.

      Upon information and belief, on or about March 21, 2012, within the Eastern District of New York and elsewhere, defendant XAVIER ALEXANDER BERNARD did knowingly, intentionally and unlawfully import into the United States from a place outside thereof a substance containing cocaine, a Schedule II controlled substance.

      (Title 21, United States Code, Sections 952(a) and 960).

      The source of your deponent's information and the grounds for his belief are as follows:[1]

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause, I have not

2

1.  On March 21, 2012, defendant XAVIER ALEXANDER BERNARD arrived at John F. Kennedy International Airport in Queens, New York ("JFK"), aboard Jet Blue Airlines flight 782 from Montego Bay, Jamaica.

2.  During a Customs and Border Protection examination, the defendant XAVIER ALEXANDER BERNARD was visibly nervous and had difficulty answering questions regarding where he was going and the purpose of his return to the United States. For example, he initially stated he was returning to New York to live with his aunt and return to the U.S. Army, but later stated that he was coming to New York to work. He was also unable to provide the aunt's name, address or contact information. A pat-down was conducted with negative results. When confronted with the inconsistencies in his story, the defendant admitted that he had swallowed approximately 40 pellets containing illegal narcotics. The defendant was then presented with an x-ray consent form, which he read, stated he understood, and signed.

3.  The defendant XAVIER ALEXANDER BERNARD was transported to the medical facility at JFK, where an x-ray was taken of the defendant's intestinal tract, which was positive for foreign bodies. On March 21, 2012, at approximately 10:30 p.m., the defendant passed 47 pellets, one of which field-tested

---

described all the relevant facts and circumstances of which I am aware.

positive for the presence of cocaine. The defendant was then placed under arrest.

4. Defendant XAVIER ALEXANDER BERNARD will be detained at the JFK medical facility until such time as he has passed all the pellets contained within his intestinal tract.

WHEREFORE, your deponent respectfully requests that defendant XAVIER ALEXANDER BERNARD be dealt with according to law.

_____
CARLOS SOTO
Special Agent
Homeland Security Investigations

Sworn to before me this
22nd day of March, 2012

_____
THE HONORABLE JOAN M. AZRACK
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK